IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SKY MIGUEL LITTLE COYOTE, | CV 21-127-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| BRADLEY TINKER; THE OFFICE OF THE STATE PUBLIC DEFENDER, MILES CITY, MONTANA; ROSEBUD COUNTY COMMISSIONER; MONTANA STATE CAPITOL; THE WHITE HOUSE; UNITED NATIONS HEADQUARTERS; | |
| Defendants. | |

Plaintiff Sky Little Coyote has filed a Motion to Proceed in Forma Pauperis (Doc. 1), a proposed Complaint alleging violations of his Fourteenth Amendment Rights. See, (Doc. 2 at 6-7.) The allegations in Mr. Little Coyote's complaint stem from a statement his court-appointed attorney made to him during his state court proceedings in Rosebud County, Montana, in relation to Cause No. DC-2009-12. *Id.* at 8-9.

The Court will grant the motion to proceed in forma pauperis but the Complaint fails to state a claim upon which relief may be granted and the Court finds amendment to be futile. Accordingly, this matter will be dismissed.

1

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Little Coyote's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a). (Doc. 1.)  The Court will grant the request to proceed in forma pauperis but since Mr. Little Coyote is a prisoner, he must still pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).  The Court will waive the initial partial filing fee required under 28 U.S.C. § 1915(b)(1) because Mr. Little Coyote submitted an account statement showing an inability to pay that fee. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Little Coyote may proceed with the case, but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Little Coyote must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*

The Court will direct the facility where Mr. Little Coyote is incarcerated to forward payments from Mr. Little Coyote's account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full.  28 U.S.C. § 1915(b)(2).

//

2

## II. STATEMENT OF THE CASE

### A.    Parties

Mr. Little Coyote names his court-appointed public defender, Bradley Tinker, the Office of the State Public Defender, the Rosebud County Commissioner, the Montana State Capitol, the White House, and the United Nations Headquarters as Defendants.  (Doc. 2 at 2, 4-6.)

### B.  Allegations

Mr. Little Coyote claims the Defendants violated his Fourteenth Amendment rights.  *Id.* at 5-6. Specifically, Mr. Little Coyote alleges that while he was appearing in the state court on November 22, 2021, his public defender, Bradley Tinker, stated, "[t]he judge isn't going to dismiss violation 4 if your sister shows up and [says] some gang members threw away your homework." *Id.* at 9. Mr. Little Coyote alleges he was deprived of his dignity and that this incident caused him to experience "a lot of mental anguish and suffering." *Id.*  Mr. Coyote requests this Court intervene and order him new court appointed counsel in his state case, Cause No. DC-2009-12. *Id.* He also is seeking monetary compensation of 4 million dollars. *Id.*

## III. SCREENING STANDARD

Mr. Little Coyote is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections

1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.

4

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

5

## IV. SCREENING ANALYSIS

Mr. Little Coyote's Complaint violates the standards set forth above under Rule 8 of the Federal Rules of Civil Procedure. He makes only vague and conclusory claims of a violation of his Fourteenth Amendment rights. And as explained below, his Complaint suffers from additional defects.

### A. *Younger* Abstention

Mr. Little Coyote appears to challenge ongoing criminal proceedings, but there is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San*

6

*Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759, citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here the threshold elements of *Younger* are present. Mr. Little Coyote's allegations suggest there is an ongoing criminal proceeding against him. State proceedings are criminal enforcement actions which implicate an important state interest to enforce the local and state laws. See, *Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the law of Montana. This Court may not interfere with those interests when the

7

prosecutorial process is ongoing.

Mr. Little Coyote will have an adequate opportunity in the state district court
to raise federal questions and concerns that affect his federal rights. "[T]he threat
to the plaintiff's federally protected rights must be one that cannot be eliminated by
his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Mr.
Little Coyote has an opportunity in his state court proceeding, under Montana law,
to address the alleged violation of his federal rights, including his right to
appointed counsel and the concomitant issues. It would be entirely inappropriate
for this Court to intervene in the state court proceedings, specifically by appointing
him new counsel, as suggested by Mr. Little Coyote.

**B. Claims and Defendants**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
elements: (1) that a right secured by the Constitution or laws of the United States
was violated, and (2) that the alleged violation was committed by a person acting
under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988): *Naffe v. Frye*,
789 F. 3d 1030, 1035-36 (9th Cir. 2015). In his Complaint, the only named
defendant that Mr. Little Coyote links to any constitutional wrongdoing is Mr.
Tinker.

But to the extent that Mr. Little Coyote seeks to sue Mr. Tinker, his
appointed public defender, for a statement alleged to have been made during Mr.

8

Little Coyote's criminal proceedings, he fails to state a claim upon which § 1983 relief can be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Garnier v. Clark*, 332 Fed. App'x 416 (9th Cir. 2009)(affirming district court's sua sponte dismissal of prisoner's section 1983 claim against appointed counsel.). This protection also extends to a public defender's office, not just the individuals working in them. See, *Hernandez v. Office of Public Advocacy, State of Alaska; et al., and Shelley Kay Chaffin*, 827 Fed. App's 800, 801 (9th Cir. 2020). As such, neither Mr. Tinker nor the Office of the State Public Defender can be sued in a § 1983 action and the claim against them will be dismissed.

Mr. Little Coyote also names a Rosebud County Commissioner, although he does not identify the individual. Under § 1983, a defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Sevs., of City of New York*, 436 U.S. 658, 691-94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and

9

failed to act to prevent them. *Taylor v. List*, 880 F. 2d 1040, 1045 (9ᵗʰ Cir.

1989)(citing *Ybarra v. Reno Thunderbird Mobil Home Village*, 723 F. 2d 675, 680-

81 (9ᵗʰ Cir. 1984)).

A local government unit or municipality can be sued as a "person" under §

1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable

under § 1983 solely because it employs a tortfeasor. *Id.* A plaintiff seeking to

impose liability on a municipality under § 1983 must identify a municipal "policy"

or "custom" that caused his injury, and must demonstrate that the municipality,

through its deliberate conduct, was the "moving force" behind the injury alleged.

*Bryan County Commissioners v. Brown*, 520 U.S. 397, 403-04 (1997)(citation

omitted).

Mr. Little Coyote has not set forth any facts in his complaint sufficient to

allege that any member of the Rosebud County Commission personally

participated in causing him harm of a federal constitutional dimension. Likewise,

he has not claimed any unlawful policy or custom was engaged in by any

individual member of the Rosebud County Commission in his or her official

capacity. In fact, Mr. Little Coyote's inclusion of the Rosebud County

Commission is wholly conclusory and insufficient to state any viable claim for

relief.

Not only does Mr. Little Coyote fail to state a claim, but he also names

improper Defendants and has not brought sufficient allegations against other

Defendants.  In addition to Mr. Tinker and the Office of the State Public Defender,

Mr. Little Coyote names the Montana State Capitol, the White House, and the

United Nations Headquarters as Defendants.  As set forth above, § 1983 authorizes

suits against a "person" acting under the color of state law only.  Because these

three entities are buildings and not persons who can act or be sued, these

defendants are subject to dismissal with prejudice.  See e.g., *Martin v. NAPH Care*,

219CV02007JADBNW, 2021 WL 372792, at *2 (D. Nev. Feb. 3, 2021)(collecting

cases).

Mr. Little Coyote also asserts a claim under *Bivens v. Six Unknown Named*

*Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Because "actions

under § 1983 and those under *Bivens* are identical save for the replacement of a

state actor under §1983 with a federal actor under *Bivens*," *Van Strum v. Lawn*, 940

F. 2d 406, 409 (9th Cir. 1991), a person acts under color of federal law by

"exercising power possessed by virtue of [federal] law made possible only because

the wrongdoer is clothed with the authority of [federal] law." *Polk Cty. v.*

*Dodgson*, 454 U.S. 312, 317-18 (1981); *Martin v. Sias*, 88 F. 3d 774, 775 (9th Cir.

1996)(noting that *Bivens* is basically a 1983 claim against a federal officer).  Put

another way, *Bivens* provides for a private cause of action for damages to proceed

against federal actors for constitutional torts. *Ashcroft v. Iqbal*, 556 U.S. 662, 675

(2009) (citing *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).  But the claims Mr. Little Coyote makes appear to be directed only at a state actor, Mr. Tinker, and not a federal actor.  Thus, Mr. Little Coyote does not have a viable *Bivens* claim.

## V.  CONCLUSION

28 U.S.C. §§ 1915, 1915A requires the dismissal of a complaint which fails to state a claim upon which relief may be granted, but it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Mr. Little Coyote's filing violates Rule 8 of the Federal Rules of Civil Procedure, the claims contained in the complaint are subject to *Younger* abstention, Mr. Little Coyote fails to name a proper defendant, and he fails to state a federal claim upon which relief may be granted.  It is not possible to cure these defects by the allegation of additional facts.  Accordingly, amendment would be futile.  This matter will be dismissed.

Further, because Mr. Little Coyote's complaint fails to state a claim upon which relief may be granted, the dismissal will count as a "strike" under the "3-

strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing, the Court issues the following:

## ORDER

1. Mr. Little Coyote's motion to proceed in forma pauperis (Doc. 1) is GRANTED.  The Clerk shall remove the word "LODGED" from the docket entry for the Complaint.  (Doc. 2.)  The Complaint is deemed filed November 30, 2021.

2. The Complaint is DISMISSED.

3. The Clerk of Court is directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Court certifies, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal of this disposition would not be taken in good faith.

5. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Little Coyote failed to state a claim upon which relief may be granted.

DATED this __31st__ day of January, 2022.

Susan P. Watters
United States District Court Judge